IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LARRY A. LOVETT, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CIVIL ACTION NO. 2:11cv766-TMH |
| ) | (WO) |
| NETTIE BURKS, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause of action is pending before the court on a 42 U.S.C. § 1983 complaint filed by the plaintiff, Larry Lovett ("Lovett"), a state inmate. Lovett complains that defendant Nettie Burks refused to provide him with documentation regarding the denial of his medical furlough requests while he was incarcerated at the Ventress Correctional Facility in Clayton, Alabama.

It has come to the attention of the court that the plaintiff is no longer housed at the most recent address the court has on file for the plaintiff. All parties have an affirmative duty to inform this court of any changes of address during the pendency of their claims. Plaintiff was provided notice of this requirement in the Court's October 13, 2011 order of procedure. (Doc. # 10 at ¶ 7(h)).

On March 27, 2013, the court entered an order directing the plaintiff to show cause why this case should not be dismissed for his failure to keep the court informed of his current address. (Doc. # 18). The plaintiff was specifically advised that "that his failure to comply with this order will result in a Recommendation that his complaint be dismissed without

prejudice and without further notice from the court." (Doc. # 18). The plaintiff was given until April 10, 2013, to file his response. To date, the plaintiff has filed nothing in response to the court's order in accordance with and as required by the court's prior orders. Moreover, the court's order was returned to the court because the plaintiff was no longer at the address he provided to the court. At this juncture, it does not appear that the court file contains an alternate address for Plaintiff and that he has not provided this court with his current address. In light of the foregoing, the court concludes that the plaintiff has abandoned his claims and failed to prosecute this action.

The court has reviewed the file in this case to determine whether less drastic sanctions than dismissal are appropriate and finds that under the facts of this case dismissal is the proper sanction. The plaintiff is an indigent state inmate. Moreover, the plaintiff has exhibited a lack of respect for this court and its authority as he has failed to respond to the orders entered in this case. It is therefore clear that any additional effort by this court to procure the plaintiff's compliance would be unavailing. Thus, the court finds that the imposition of monetary or other punitive sanctions against the plaintiff would be ineffectual. Consequently, the court concludes that the plaintiff's abandonment of his claims, his failure to comply with the orders of this court and his failure to prosecute this cause of action warrant dismissal of this case.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case

be dismissed for the plaintiff's abandonment of his claims, his failure to comply with the orders of this court and his failure to prosecute this action.  It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **April 30, 2013.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 16th day of April, 2013.

        /s/Charles S. Coody
        CHARLES S. COODY
        UNITED STATES MAGISTRATE JUDGE